## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| **WILLIAM JOSEPH HUMPHREYS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) |
| | ) **Case No.: 6:25-cv-00305-RDP-JHE** |
| **ALABAMA DEPARTMENT OF** | ) |
| **CORRECTIONS, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

## MEMORANDUM OPINION

On January 30, 2026, the Magistrate Judge entered a Report and Recommendation, recommending that the petition for writ of habeas corpus be denied. (Doc. # 11). Petitioner has filed objections to the Report and Recommendation. (Doc. # 12).

Petitioner first objects to the Magistrate Judge's conclusion that the petition is time-barred. (Doc. # 12 at 1-2). Among other reasons for finding the petition untimely, the Magistrate Judge determined that the petition was barred under 28 U.S.C. § 2244(d)(1)(D), which starts the one-year limitations period for a petitioner to file a petition under 28 U.S.C. § 2254 on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (Doc. # 11 at 9-12). Petitioner contends that his former attorney provided unconstitutionally inadequate assistance by failing to introduce specific evidence at a parole revocation hearing. The Magistrate Judge found that Petitioner was aware of the factual predicate for his claim on the date of the revocation hearing because Petitioner "was present at that hearing and thus would have been aware of what evidence and arguments were and were not presented." (*Id.* at 10). The Magistrate Judge also found that the evidence Petitioner's counsel allegedly should have presented would have been known to Petitioner before the hearing. (*Id.* at

10-12). In response to these determinations, Petitioner objects that he did not know "the evidentiary significance of the omitted materials and their effect on the outcome" of the revocation hearing. (Doc. # 12 at 2). In other words, Petitioner argues that he did not know the *legal* significance of his counsel's failure to introduce the evidence. He does not contend that he was unaware of the *factual* predicate of the claim. But "conclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim." *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014) (quoting *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012)). The Magistrate Judge did not err by concluding that Petitioner knew the facts underlying his claim of ineffective assistance of counsel on the date of the revocation hearing, regardless of whether Petitioner was aware of the full significance of those facts. Thus, this objection is **OVERRULED**.

Petitioner also objects to the Magistrate Judge's conclusion that Petitioner is not entitled to equitable tolling of the limitations period. (Doc. # 12 at 2-3). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Thomas v. Attorney General*, 992 F.3d 1162, 1179 (11th Cir. 2021) (internal quotation marks and citation omitted). The Magistrate Judge found that equitable tolling was not warranted because Petitioner had not shown either element. (Doc. # 11 at 12-14). Although Petitioner argues that the Magistrate Judge "did not meaningfully address whether Petitioner's continued pursuit of state remedies reflects reasonable diligence in light of" his attempts to exhaust his claims in state court and failed to "evaluate diligence in context" (Doc. # 12 at 3), the Report and Recommendation fully engaged with this argument. The Magistrate Judge concluded that Petitioner had relied solely on his pursuit of state remedies to show diligence, but the limitations period expired months before Petitioner

2

filed his Rule 32 petition. (Doc. # 11 at 13). As the Magistrate Judge correctly concluded, matters postdating the expiration of the limitations period are "not probative of . . . diligence during the relevant time period before the limitations period expired." (*Id.*) (quoting *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1210 (11th Cir. 2014)). In addition, Petitioner does not object to the Magistrate Judge's conclusion that Petitioner has not shown that any extraordinary obstacle prevented him from timely filing a habeas petition. That failure is independently fatal to Petitioner's argument that equitable tolling applies. Accordingly, this objection is **OVERRULED**.

Next, Petitioner objects to the Magistrate Judge's conclusion that Petitioner has procedurally defaulted any claims he asserts related to his revocation counsel's failure to call Petitioner's probation officer, Benny Motes, as a witness at the hearing. (Doc. # 12 at 3-4). Petitioner argues that the claim was "expressly raised in the Rule 32 proceedings" and that the Magistrate Judge erred by "isolating the Motes allegation as a separate claim rather than a factual component of a single *Strickland* claim . . . [and] appl[ying] the exhaustion requirement more rigidly" than controlling law requires. (Doc. # 11 at 4). The Magistrate Judge found:

> While Humphreys discussed his probation revocation counsel's failure to call Motes in his original Rule 32 petition filed on January 6, 2021 (*see* doc. 8-7 at 8-9), and arguably included the issue in his amended petition by appending the original petition (*see* [doc.] 8-7), the respondents are correct that Humphreys did not present any evidence at all concerning Motes at the Rule 32 hearing (*see* doc. 8-16 at 12-41). They are also correct that Humphreys apparently abandoned the issue entirely. Humphreys did not object when the trial court failed to mention Motes in its order denying the Rule 32 petition. (Doc. 8-16 at 4-6). Nor did Humphreys raise the issue in his appeal of the Rule 32 petition  (*see* doc. 8-17), his motion for rehearing in the ACCA (*see* doc. 8-20), or his petition for a writ of certiorari to the Alabama Supreme Court (*see* doc. 8-22). Even if Humphreys arguably presented this claim to the trial court, Humphreys cannot credibly argue that he presented it to the ACCA or to the Alabama Supreme Court such that he exhausted the issue.

(Doc. 11 at 16). The Magistrate Judge also observed in a footnote that while Petitioner "presented

a different ineffective assistance of counsel claim through a full round of review, this is not sufficient to preserve *every* ineffective assistance of counsel claim. '[T]o preserve a claim of ineffective assistance of counsel for federal review, the habeas petitioner must assert this theory of relief and transparently present the state courts with the specific acts or omissions of his lawyers that resulted in prejudice.'" (Doc. # 12 at 16-17, n. 8) (quoting *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004)). When Petitioner omitted his Motes-related claims from state court proceedings after his Rule 32 petition, he did not "transparently present" this claim as one of the "specific acts or omissions of his lawyers that resulted in prejudice" through a full round of appellate review. *See Kelly*, 377 F.3d at 1345 (holding that petitioners are required to present ineffective assistance of counsel claims in the same "manner of clarity" throughout appellate review). For these reasons, this objection is **OVERRULED**.

Petitioner next objects to the Magistrate Judge's conclusion that Petitioner's procedural default could not be excused because he has not demonstrated cause and prejudice for the default. (Doc. # 12 at 4-5). The Magistrate Judge addressed this issue in a footnote, finding that Petitioner "does not attempt to have his procedural default excused through either cause and prejudice or actual innocence; rather, he contends that there was no procedural default at all." (Doc. # 11 at 17, n. 9) (citing Doc. # 10 at 3). A review of Petitioner's reply brief reinforces the correctness of the Magistrate Judge's characterization. The Magistrate Judge did not err by declining to find cause and prejudice to excuse the procedural default when Petitioner did not assert cause and prejudice. In any event, while Petitioner's objection addresses the "prejudice" portion of the inquiry, he has not addressed the "cause" portion. "Cause" requires an objective factor, external to the defense, which impeded efforts to comply with the state procedural rules. *Bishop v. Warden GDCP*, 726

4

F.3d 1243, 1258 (11th Cir. 2013). Petitioner has not pointed to any such factor, so his objection is **OVERRULED**.

Finally, Petitioner "objects to the Report's alternative suggestion that the state court's rejection of his ineffective assistance claim would be entitled to deference under 28 U.S.C. § 2254(d)." (Doc. # 12 at 5-6). Although Respondents argued that Petitioner's claims were due to be rejected on the merits, the Magistrate Judge addressed only Respondents' statute of limitations and procedural default arguments. (*See* Doc. # 11 at 5) ("Because they are dispositive of the issues in this case, the undersigned addresses only the first two arguments."). Because this objection relates to an issue not actually raised in the Report and Recommendation, it is **OVERRULED**.

The court has considered the entire file in this action, together with the Report and Recommendation, and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved. The court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the Magistrate Judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be dismissed. A separate Order will be entered.

This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds that

5

Petitioner's claims do not satisfy either standard.

**DONE** and **ORDERED** this February 26, 2026.

R. DAVID PROCTOR
SENIOR U.S. DISTRICT JUDGE